(Hamilton County O. Common Pleas.)

## GEORGE SCHAUPP v. THOMAS JONES.

Section 591, R. S., providing that justices of the peace shall not have jurisdiction of any action in which the title to real estate is sought to be recovered, extends to actions in which title is involved in the construction of a will.

It is not sufficient to merely introduce a document required by law to be attested, and then rest, when objection is made; the defendant is entitled to proof of the execution of the document.

---

SPIEGEL, J.

This case comes into the common pleas court from the jurisdiction of Alexander Roebling, justice of the peace in and for Delhi township, upon a petition in error, alleging that the justice erred in overruling the motion of plaintiff in error to dismiss said case for failure of proof, and to render judgment for the defendant.

Second: That the justice erred in overruling the motion of plaintiff in error that the action be dismissed for want of jurisdiction, and for judgment for defendant.

The facts in the case are as follows: The Rev. B. M. Muller died in West Jefferson, Ohio, leaving a will containing the following provision: "My house in Cincinnati, 608 Fulton Avenue, which I inherited from my dear late father, Nicholas Muller, to be sold, and the proceeds likewise to be divided into four parts, to-wit: First part, to St. Rosa's Catholic Church in memory of deceased parents and myself. Second part, to my brother, Andrew Muller, or in case of his death to the surviving family. Third, to the most Reverend Arch-bishop Elder or his successor in favor of diocese. Fourth part, to my cousin, Elizabeth Shoupp (nee Gebhart) or (in case of her death) to her children.

Under this provision of the will the executor proceeded to sell said house at public auction to Thomas Jones, the defendant in error, who then brought his action in forcible entry and detainer against the plaintiff in error, and recovered judgment for possession. The transcript shows that the only evidence introduced by the plaintiff was the deed from the executor, and that then he

rested, to all of which the plaintiff in error by his counsel objected, and further moved the court to dismiss the case, for failure of proof, and render judgment for him, which motion the justice overruled. The plaintiff in error, George Shoupp, then introduced his evidence, to-wit: that he had been living in said premises with his family for fifteen years last past; that he did not hold from Jones nor rented or leased from him; that his wife and others were the owners of the premises by reason of the provisions of the will of Rev. B. M. Muller, deceased. and offered a certified copy of the will in evidence. Upon these state of facts the court below rendered a judgment in favor of defendant in error.

The judgment rendered must be reversed, first, because the justice had no jurisdiction, and secondly, if he had jurisdiction, for overruling the motion of plaintiff in error to dismiss the case for failure of proof.

Section 591 of the Revised Statutes provides that justices shall not have cognizance of any action in which the title to real estate is sought to be recovered, or may be drawn in question. The testimony submitted both by plaintiff and defendant clearly draws the title in question, for upon the construction of the will, whether the executor had power to sell, depends the title of the defendant in error. To determine this the justice would have to exercise equity power, and as he has only such jurisdiction as is expressly conferred upon him by statute, he can exercise no equity jurisdiction. It is claimed on behalf of the court below that he had jurisdiction in this cause by reason of section 6600, which provides that proceedings in forcible entry and detainer may be brought before a justice in all cases of sales by executors, when such sales shall have been examined by the proper court, and the same by said court adjudged legal. No evidence was introduced of these jurisdictional steps, and therefore the judgment below could only have been rendered upon the theory that the will gave power to the executor to sell without the intervention of the probate court. This being the case, what I have said holds good, to-wit: that the case below drew into question the title to real estate, and imposed upon the justice an equity duty to construe a provision of the will, whether the executor had the right to sell without order of court, in order to determine whether defendant in error was entitled to the possession of the premises, which he had no power to do under the statute.

But even were I wrong in this holding, the case must still be reversed upon the first ground alleged by petitioner in error, to wit: that the court erred in overruling the motion of plaintiff in error to dismiss said case for failure of proof. Plaintiff below introduced as his evidence of title the deed from the executor and then rested. Defendant below objected to this introduction and moved to dismiss. He was clearly entitled to said dismissal, because it is not sufficient to merely introduce a document required by law to be attested and then rest, when objected to, but defendant was entitled to proof of its execution, either by one of the attesting witnesses, or the notary or the executor himself.

Upon both of these grounds the judgment must be reversed.

Arnold Speiser and Gray & Tischbein, for Plaintiff.

Charles T. Dumont, contra.